IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | CASE NO. | 21-50946-CAG |
| ALAMO CITY MOTORPLEX, LLC, | § | | |
| DEBTOR(S) | § | CHAPTER | 11 |

**<u>ALAMO CITY MOTORPLEX, LLC'S PLAN OF REORGANIZATION COVERSHEET</u>**

**INDEX**

Article I - Definitions... . . . . . . . . . . . . . . . . . . . . . . . . 4
    1.01  Administrative Claim. . . . . . . . . . . . . . . . . . . . . 4
    1.02  Allowed Claim or Interest. . . . . . . . . . . . . . . . . . 4
    1.03  Allowed Secured Claim(s). . . . . . . . . . . . . . . . . . . 5
    1.04  Allowed Unsecured Claim(s). . . . . . . . . . . . . . . . . . 5
    1.05  Bankruptcy Code or "Code". . . . . . . . . . . . . . . . . . 6
    1.06  Bar Date. . . . . . . . . . . . . . . . . . . . . . . . . . 6
    1.07  Claim(s). . . . . . . . . . . . . . . . . . . . . . . . . . 7
    1.08  Class of Classification. . . . . . . . . . . . . . . . . . . 7
    1.09  Code. . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    1.10  Confirmation. . . . . . . . . . . . . . . . . . . . . . . . 7
    1.11  Confirmation Date. . . . . . . . . . . . . . . . . . . . . . 7
    1.12  Court. . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    1.13  Creditor(s). . . . . . . . . . . . . . . . . . . . . . . . . 8
    1.14  Debtor. . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    1.15  Distribution Date. . . . . . . . . . . . . . . . . . . . . . 8
    1.16  Effective Date. . . . . . . . . . . . . . . . . . . . . . . 8
    1.17  Estate. . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    1.18  Executory Contract(s). . . . . . . . . . . . . . . . . . . . 8
    1.19  Exhibits. . . . . . . . . . . . . . . . . . . . . . . . . . 8
    1.20  Final Order or Final Judgment. . . . . . . . . . . . . . . . 9
    1.21  Initial Distribution Date. . . . . . . . . . . . . . . . . . 9
    1.22  Judgment Creditor(s) or Judgment Claim(s). . . . . . . . . . 9
    1.23  Order Confirming the Plan. . . . . . . . . . . . . . . . . . 9
    1.24  Penalty and Interest. . . . . . . . . . . . . . . . . . . . 10
    1.25  Petition. . . . . . . . . . . . . . . . . . . . . . . . . . 10
    1.26  Petition Date. . . . . . . . . . . . . . . . . . . . . . . . 10
    1.27  Plan. . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    1.28  Priority Claim. . . . . . . . . . . . . . . . . . . . . . . 10
    1.29  Pro Rata or Pro Rata Share. . . . . . . . . . . . . . . . . 10
    1.30  Professional Fees. . . . . . . . . . . . . . . . . . . . . . 11
    1.31  Revested Debtor. . . . . . . . . . . . . . . . . . . . . . . 11
    1.32  Rejection Claim. . . . . . . . . . . . . . . . . . . . . . . 11
    1.33  Secured Claim. . . . . . . . . . . . . . . . . . . . . . . . 11
    1.34  Secured Creditor(s). . . . . . . . . . . . . . . . . . . . . 11
    1.35  Settled Claim(s), Settlement(s) or Settle. . . . . . . . . . 12
    1.36  Tax Claim. . . . . . . . . . . . . . . . . . . . . . . . . . 12
    1.37  Unsecured Claim. . . . . . . . . . . . . . . . . . . . . . . 12
    1.38  Unsecured Creditor(s). . . . . . . . . . . . . . . . . . . . 12
Article II-Certain General Terms and Conditions... . . . . . . . . . . . . 12
    2.01  Satisfaction of all Claims. . . . . . . . . . . . . . . . . 13
    2.02  Securities Laws. . . . . . . . . . . . . . . . . . . . . . . 13
    2.03  Disbursing Agent. . . . . . . . . . . . . . . . . . . . . . 13
    2.04  Time for Filing Claims. . . . . . . . . . . . . . . . . . . 13
    2.05  Modification to the Plan. . . . . . . . . . . . . . . . . . 15
    2.06  Valuation of Secured Claims. . . . . . . . . . . . . . . . . 15

Article III - Division of Creditors in the Classes. . . . . . . . . . . . 16
    3.01  Class 1. . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    3.02  Class 2. . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Article IV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
4.01  Provision for Dealing with Administrative Expense Claims. . . . . . . . . 19

Article V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
5.01  Provision for Treatment of Classes of Creditors. . . . . . . . . . . . . 20
    Class 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
    Class 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Article VI - Means for Execution of the Plan. . . . . . . . . . . . . . . . . 23
        6.01  Distribution Under the Plan. . . . . . . . . . . . . . . . . 23
        6.01.01    Manner of Cash Payments. . . . . . . . . . . . . . . . 23
        6.02  Cramdown. . . . . . . . . . . . . . . . . . . . . . . . . . 23
        6.03  Unclaimed Distributions. . . . . . . . . . . . . . . . . . 24
        6.04  Documentation. . . . . . . . . . . . . . . . . . . . . . . 24
        6.05  Funding of Plan. . . . . . . . . . . . . . . . . . . . . . 24
        6.06  Controversy Concerning Impairment. . . . . . . . . . . . . 24
Article VII - Executory Contracts and Unexpired Leases. . . . . . . . . . . . 25
Article VIII — Effect of Confirmation, Release and Binding Effect. . . . . . . 25
Article IX   Procedures for Resolving Disputed Claims and Interests and Disputed
        Claims Reserve. . . . . . . . . . . . . . . . . . . . . . . . . 27
Article X -  Retention of Jurisdiction. . . . . . . . . . . . . . . . . . . . 29
Article XI -     Notices. . . . . . . . . . . . . . . . . . . . . . . . . . . 31
Article XII -    Discharge of Debtor. . . . . . . . . . . . . . . . . . . . . 31
Article XIII -   Final Decree. . . . . . . . . . . . . . . . . . . . . . . . . 31
Article XIV -    Payment to the United States Trustee. . . . . . . . . . . . . 31
Article XV -     Post-Petition Reports and Payments to the United States Trustee
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32
Article XVI -    Vesting of Property of the Estate. . . . . . . . . . . . . . 32

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-50946-CAG |
| ALAMO CITY MOTORPLEX, LLC, | § | |
| DEBTOR(S) | § | CHAPTER 11 |

## PLAN OF REORGANIZATION FOR ALAMO CITY MOTORPLEX, LLC

ALAMO CITY MOTORPLEX, LLC proposes the following Plan of Reorganization pursuant to the provisions of Chapter 11 of the Bankruptcy Code and Rule 2015(b) of the Federal Rules of Bankruptcy Procedure:

### ARTICLE I

### Definitions

For the purposes of this Amended Plan of Reorganization, the following terms shall have the following meanings, equally applicable to the singular and plural forms or the gender of the terms defined, unless the context clearly requires otherwise. These terms shall be designated, where such definition is applicable, with capital letters and those definitions shall be enforceable as terms of this Plan in conjunction with the respective matters to which they reference or define:

1.01.    Administrative Claim: means a request for payment of an administrative expense in the case under §503(b) that, if allowable, would be entitled to priority under §507(a)(1).

1.02.    Allowed Claim or Interest:    means any claim

4

against, or interest in, the Debtor's, proof of which was filed on or before the Bar Date or pursuant to 2.04.02 herein or, if no proof of claim or interest has been filed, a claim or interest that was scheduled by the Debtor on the Debtor's original schedules filed on or about the petition date as liquidated in amount and not disputed or contingent or disputed in the disclosure statement or this plan and, in either case, a claim or interest as to which no objection has been filed or will be filed; or if subject to an objection or other proceeding considered by the Court, a claim or interest that has been determined by Final Order of the Court.

1.03.    Allowed Secured Claim(s):  means an Allowed Claim which is secured by a valid, duly perfected voluntary lien on (whether voluntary or involuntary), or a security interest in, property in which the Debtor have an interest (including property of the estate), or which is subject to setoff under Bankruptcy Code §553, to the extent of the lesser of:  (I) the value of such property securing the Allowed Secured Claim; or (ii) the amount of such Allowed Claim which is secured, as the case may be, including any election made pursuant to §1111 of the Bankruptcy Code.

1.04.    Allowed Unsecured Claims:  means an Unsecured Claim against Debtor:  (a) for which a proof of claim has been timely filed with the court by the claims bar date, or, with leave of Court and without objection by any party in interest, late

filed, and as to which neither Debtor nor any party in interest files an objection or as to which the claim is allowed by Final Order of the court, or (b) scheduled in the list of creditors, as may be amended, prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, and as to which no objection to the allowance thereof has been interposed pursuant to the terms of this Plan, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.  This category includes all claims deemed unsecured pursuant to §506(a) of the Bankruptcy Code.

1.05.  <u>Bankruptcy Code or "Code"</u>: means Title 11, U.S.C. §101 <u>et</u> <u>seq</u>., the statute of the United States, in effect on the petition date, and all amendments thereto and in effect on or before the confirmation date, or thereafter only if specifically provided retroactive by any such amendment and only to the extent such amendment may be valid and constitutional, and does not materially and adversely affect the interest of the Debtor, creditors or any other party in interest.

1.06.  <u>Bar Date</u>:  means November 29, 2021 for all creditors except a governmental, being the date that was fixed by the Court for filing claims in both Chapter 11 proceedings which are the subject of this Plan pursuant to BANKR. R. P. 3003(b);

6

provided, however, if the Court extends the time for filing any given claim, the date so set shall be the Bar Date with respect to that claim, but only with respect to such claim.

1.07.    Claim(s): means a "claim" alleged or which is, in fact, due or assertable against the Debtor as defined in Bankruptcy Code §101(4) and includes those claims which are allowed and all those claims which are not yet due, or which are unmatured, contingent and otherwise unliquidated.

1.08.    Class or Classification: means the particular Class designated in this Plan pursuant to Bankruptcy Codes §§1122 and 1129 into which Creditor's Allowed Claims may be included, as provided in this Plan, including classification for voting, for distributions and for impairment.

1.09.    Code: means The United States Bankruptcy Code, being Title 11 of the United States Code, as enacted in 1978 and thereafter amended. References to "Section" or "Sections," unless otherwise specified, shall be to the Code.

1.10.    ALAMO CITY MOTORPLEX, LLC

Case: means the captioned Chapter 11 Bankruptcy case styled, as commenced on July 30, 2021 as a Chapter 11 proceeding, the date of the filing of the Voluntary Petition.

1.11.    Confirmation: means entry by the Court of an Order Confirming the Plan at or after a hearing pursuant to §1129.

1.12.    Confirmation Date: means the date of Confirmation.

7

1.13.    Court:  means United States Bankruptcy Court for the Western District of Texas, San Antonio Division.

1.14.    Creditor(s):  means all persons or entities having Claims for debts, liabilities and demands of any character whatsoever, as defined in Bankruptcy Code §101(4), including, but not limited to, future contingent Claims for unmatured potential liability of Claims of the United States Government and any agency or department thereof, and any other governmental authority, and whether or not the Creditor has an Allowed Claim.

1.15.    Debtor:  means ALAMO CITY MOTORPLEX, LLC, the Debtor, in its proceedings under Chapter 11 of the Code.

1.16.    Distribution Date:  means the date or dates upon which interim distributions provided under this Plan are to be made.

1.17.    Effective Date:  means the date upon which confirmation becomes a Final Order.

1.18.    Estate:  means the bankruptcy estate of, created upon filing this case.

1.19.    Executory Contract(s):  means any contract found to be of the nature referred to in §365 of the Bankruptcy Code as an Executory Contract, which requires assumption and/or rejection by the Debtor.

1.20.    Exhibits:  means those items (I) attached to the Plan and incorporated herein by reference; and (ii) attached to

the Approved Disclosure Statement and incorporated herein and therein by reference; and (iii) attached to the Order Confirming the Plan and incorporated herein and therein by reference.

1.21.    Final Order or Final Judgment:  means any Order of the Court which is conclusive of all matters adjudicated therein, which is in full force and effect because the Final Order has not been:  (i) appealed, is not an allowed appeal or is denied review by certiorari or otherwise; or (ii) has not been reversed or modified; or (iii) which is not the subject of any pending appeal, review, rehearing, and is in all respects final and nonappealable.

1.22.    Initial Distribution Date:  means the date upon which the first distribution under the Plan shall be made.  The Initial Distribution Date shall be that date which the Debtor choose in its sole discretion; however, it shall be no later than thirty (30) days after Confirmation.

1.23.    Judgment Creditor(s) or Judgment Claim(s):  means a Creditor whose Claim arose as a result of the entry of a judgment prior to the Petition Date by a state or federal court of competent jurisdiction in a proceeding involving the Debtor.

1.24.    Order Confirming the Plan:  means the Final Order of the Court pursuant to Bankruptcy Code §1129, finding that the Debtor's Plan meets the requirements of Chapter 11 of the Bankruptcy Code and is entitled to Confirmation, and which may contain such other provisions, orders, findings, modifications and judgments which by the terms of this Plan or the Bankruptcy Code

are appropriate and necessary to carry forward this Plan to substantial consummation, including the Exhibits (as may be amended or modified).

1.25. <u>Penalty and Interest</u>: means any statutorily prescribed penalty or interest which has accrued because of Debtor's failure to pay a tax imposed or to file a tax return with a governmental entity.

1.26. <u>Petition</u>: means the Voluntary Petition filed by Debtor under §301 of Title 11 commencing this case.

1.27. <u>Petition Date</u>: means May 8, 2020, the date the case was filed under Chapter 11 of the Bankruptcy Code.

1.28. <u>Amended Plan</u>: means this Amended Plan of Reorganization, including any modifications, amendments or corrections made in accordance herewith under the provisions of the Code.

1.29. <u>Priority Claim</u>: means any Claim, other than a Tax Claim or an Administrative Claim entitled to priority under §507(a).

1.30. <u>Pro Rata or Pro Rata Share</u>: means the amount which is the result of multiplying the net proceeds or total proposed dividend owing to a named Class of Creditors pursuant to the terms of this Plan, by that fraction in which the numerator is the allowed amount of the particular Creditor's Claim of the named Class and the denominator is the allowed amount of all the Creditor's Allowed Claims of the named Class.

1.31.     Professional Fees:  means the Allowed Claims for, or those charged by, attorneys, accountants, appraisers or other professionals and reimbursement of expenses reasonably incurred in rendering such professional services which are:

(a)   allowed pursuant to Bankruptcy Code and entitled to priority status in priority to or as Administrative Expenses Claims pursuant to Bankruptcy Code §§ 327, 330, 331, 503(b)(3)(D), 507(a)(1), 1102, 1103; and/or

(b)   allowed under the Plan after the Effective Date for services rendered after the Effective Date when approved by the Court, if necessary, and only to the extent reasonable under existing case law either at law or in equity.

1.32.     Revested Debtor:  means ALAMO CITY MOTORPLEX, LLC as revested with property of its respective estate pursuant to §1141(b).

1.33.     Rejection Claim:  means any Claim arising by reason of rejection by the Debtor of a contract or lease pursuant to §365 or §1123(b)(2).

1.34.     Secured Claim:  means any Allowed Claim secured by property of the Debtor, to the extent of the value of such collateral.

1.35.     Secured Creditor(s):  means a Creditor holding an Allowed Secured Claim, and may include Allowed Claims evidenced by valid Judgment Liens, Statutory Liens, other involuntary liens or mortgages, and all voluntary liens or mortgages against the property of the estate or assigned assets.

1.36.     Settled Claim(s), Settlement(s) or Settle:  means

11

the Allowed Claims resulting from either the terms of agreements regarding disputed Claims reached by and between:

    (a)   the respective Creditors having disputed, unliquidated, contingent or Non-Allowed Claims; and

    (b)   the Debtor which fully liquidates and renders undisputed any Claim which is thereafter deemed an Allowed Claim.

1.37.   <u>Tax Claim</u>: means any Claim of governmental units for taxes as described in §507(a)(7), excluding penalty and interest on such tax.

1.38.   <u>Unsecured Claim</u>: means any Claim that is not a Secured Claim, Administrative Claim, Priority Claim or Tax Claim.

1.39.   <u>Unsecured Creditor(s)</u>: means all Creditors holding Claims against the Debtor other than an Allowed Secured Claim.

<u>ARTICLE II</u>

<u>Certain General Terms and Conditions</u>

2.01.   <u>Satisfaction of all Claims</u>: Various types of Claims are defined in this Plan. This Plan is intended to and shall satisfy, in the manner specified herein, all claims against Debtor of whatever character, whether or not contingent or liquidated, and whether or not Allowed Claims. ONLY ALLOWED CLAIMS AND INTERESTS WILL RECEIVE THE TREATMENT AND DISTRIBUTIONS SPECIFIED BY THE PLAN. UPON THE EFFECTIVE DATE, THE DEBTOR SHALL BE RELEASED AND DISCHARGED FROM ALL DEBTS AND LIABILITIES AND DEBTOR SHALL OWN ALL OF THEIR RESPECTIVE PROPERTY SUBJECT ONLY TO

THE CLAIMS AND INTERESTS OF CREDITORS, IF ANY, AND LIENS AND ENCUMBRANCES, IF ANY, AS SPECIFICALLY SET FORTH IN THE PLAN.

2.02.   <u>Securities Laws</u>:  Any satisfaction provided to a Creditor pursuant to this Plan which is or may be deemed to be a security is exempt from registration under certain state and federal securities laws pursuant to §1145.  Such exemption does not extend to most subsequent transfers of such interests by "underwriters" as that term is defined in §1145.

2.03.   <u>Disbursing Agent</u>:  PORIA MIANABI, the Authorized Representative of Debtor-in-Possession, shall serve as disbursing agent for all distributions under the Plan PORIA MIANABI may appoint such transfer or other agents as it deems necessary and reasonable to assist in making distributions required by the Plan.

2.04.   <u>Time for Filing Claims</u>:

2.04.01  All Claims assertable and arising prior to the Petition Date shall have been filed with the United States Bankruptcy Clerk in San Antonio, Texas by the Bar Date.  The schedules are on file at the office of the Bankruptcy Clerk and are open for inspection during regular business hours at the office of the Bankruptcy Clerk, 615 E. Houston St., San Antonio, Texas 78205. Claims filed pursuant to assumption or rejection of Executory Contracts should also refer to Section VII of the Plan for special requirements regarding their Claims.  Debtor's failure to designate a Claim in their schedules as being disputed,

13

contingent or unliquidated, does not constitute an admission that such claim is not subject to objection.  The Debtor reserves the right to dispute, or assert offsets or defenses, to any Claims reflected in their schedules as to amount, liability or status. This statement is not intended by the Debtor to mean that all Claims shown in the schedules are disputed, contingent or unliquidated, thereby requiring all Creditors to file Claims.  It is merely included to prevent any Creditor from seeking to use the schedules as an admission by Debtor as to the amount of liability in a Claim objection or other proceeding.  If a Creditor's Claim is scheduled without a disputed, contingent or unliquidated notation, that Creditor need not file a Claim unless that Creditor disagrees with the amount scheduled.  If the Debtor amends downward any Claim shown on the schedules, those Claimants will be notified and will be given additional time as provided by the Bankruptcy Rules within which to file their Proofs of Claim, if they so desire.

2.04.02  All Administrative Claims assertable and arising during the Case shall be filed with the United States Bankruptcy Clerk in San Antonio, Texas no later than ten (10) days prior to the first hearing on confirmation; provided, however, all Administrative Claims of the Case filed by professionals for compensation incurred prior to Confirmation under §330 shall be filed within ninety (90) days after the Confirmation Date.  If

14

these Claims are not filed on or before the respective deadlines, such Claims shall not be allowed, unless the Court has ordered otherwise or orders otherwise.

In addition, all requests for payment of Administrative Claims incurred after the confirmation of the Plan shall be filed with the United States Bankruptcy Clerk in San Antonio, Texas prior to or simultaneously with the Debtor's application for Final Decree.

2.05.    <u>Modifications to the Plan</u>:  This Plan may be modified or corrected upon motion of the Debtor pursuant to §1127 and Bankruptcy Rule 3019 prior to Confirmation.  Modifications or corrections may be made without additional disclosure pursuant to §1125 provided that the Court finds that the modifications or corrections do not adversely affect any Claim or Interest or classes of Claims or Interests.  After the Confirmation Date, the Debtor, upon order of the Court and in accordance with §1127(b), may remedy any defect or omission or reconcile any inconsistencies in the Plan in such a manner as may be necessary to carry out the purposes and intent of the Plan.

2.06.    <u>Valuation of Secured Claims</u>:  All Secured Claims shall be allowed in an amount as agreed to by the Debtor and the Creditor holding the Secured Claim, as provided by this Plan, unless the claim is disputed, or as ordered by the Court pursuant to §506.  The Court shall not be required to determine the amount

of a Secured Claim unless a motion to require such determination is filed at least ten (10) days prior to the first hearing on confirmation by the Debtor or other party in interest.  In the event that such a Motion is not filed, the value of the property as set forth in this Plan shall be deemed as the court's finding as to valuation and the judgment and tax lien holders shall be deemed Unsecured Creditors.

## ARTICLE III

## Division of Creditors in the Classes

3.01.    Class 1:  Secured claim of the following:

Secured claim of the following:
Shirazi, LLC.                                    $3,100,000.00

**Total: $3,100,000.00**

3.02 Class 2:  Secured Claim of the following:

Guadalupe County Tax Assessor/Collector          $68,838.50
P.O. Box 2903
San Antonio, TX 78299-2903

**TOTAL: $68,838.50**

3.03 Class 3: Debtor, ALAMO CITY MOTORPLEX, LLC B.

Provision for Treatment of Classes of Creditors

The actual and necessary costs and expenses of administration of, and claims against, Debtor entitled to priority in accordance with §503(b) and §507(a)(1) of the Bankruptcy Code are not impaired.  The holder of any Allowed Administrative Claim, except as otherwise provided in the Plan, shall be paid in full, without interest, in cash, on the effective date of the Plan, from estate

16

funds or upon such other terms as may be agreed upon between the holder of any such claim and the Debtor. Such payment will include payment of all expenses incurred by the Debtor in the operation of the estates since the date of filing of this cases, together with authorized and allowed fees and expenses of professionals employed by the Debtor including attorneys, accountants and appraisers. Debtor estimates that there will be no administrative claims except as otherwise provided for in Class 1.

ARTICLE IV

4.01.      <u>Provision for Dealing with Administrative Expense Claims</u>

The actual and necessary costs and expenses of administration of, and Claims against, Debtor entitled to priority in accordance with §503(b) and §507(a)(1) of the Bankruptcy Code are not impaired the holder of any Allowed Administrative Claim, except as otherwise provided in the Plan, shall be paid in full, without interest in cash, on the Effective Date of the Plan, from estate funds or upon such other terms as may be agreed upon between the holder of any such Claim and the Debtor. Such payment will include payment of all expenses incurred by the Debtor in the operation of the estates since the date of filing of this case, together with authorized and allowed fees and expenses of professionals employed by the Debtor including attorneys,

17

accountants and appraisers.  Debtor estimates that there will be no Administrative Claims except as otherwise provided for in Class 1.

ARTICLE V

5.01.  <u>Provision for Treatment of Classes of Creditors</u>

The actual and necessary costs and expenses of administration of, and claims against, Debtor entitled to priority in accordance with §503(b) and §507(a)(1) of the Bankruptcy Code are not impaired.  The holder of any Allowed Administrative Claim, except as otherwise provided in the Plan, shall be paid in full, without interest, in cash, on the effective date of the Plan, from estate funds or upon such other terms as may be agreed upon between the holder of any such claim and the Debtor.  Such payment will include payment of all expenses incurred by the Debtor in the operation of the estates since the date of filing of this cases, together with authorized and allowed fees and expenses of professionals employed by the Debtor including attorneys, accountants and appraisers.  Debtor estimates that there will be no administrative claims except as otherwise provided for in Class 1.

<u>Class 1</u>:  The Class 1 Creditors, to the extent that their claims are allowed, shall be paid as follows: The total amount owed to the Class 1 Creditor shall be paid in full at closing regarding the sale of this real estate.

18

Class 2:  The Class 2 Creditors, to the extent that their claims are allowed, shall be paid as follows: Shall be paid 100% of their claim at closing on the sale of this real estate.

## ARTICLE VI

## Means for Execution of the Plan

6.01.  Distributions Under the Plan: The Debtor, in its sole discretion, will make those transfers and distributions required by this Plan from the revested Debtor's operations and upon the latter to occur of (I) the Confirmation Date, or (ii) as soon as practicable after a Final Order is entered allowing the holder's Claim or Interest, or (iii) as otherwise provided by order of the Court.  No distribution or transfer shall be made, however, which would result in any Creditor receiving more than is specifically provided for in this Plan.

6.01.01  Manner of Cash Payments:  Cash Payments to be made pursuant to the Plan shall be made by check drawn on a domestic bank from a domestic bank.

6.02.  Cramdown:  The Court may confirm the Plan even though fewer than all Classes of Creditors or Class of Interest holders have accepted the Plan.  In the event that any impaired Class of Creditors or Class of Interest holders fails to accept the Plan by adequate vote as described in §§ 1126 and 1129(a), the Debtor may request the Court to confirm the Plan in accordance with §1129(b) of the Code.  Furthermore, to the extent the Plan does not embody

19

certain provisions setting forth the circumstances apprehended by §1129(b), the Debtor may amend or modify the Plan to include such provisions should it become necessary to confirm the Plan under cramdown.

6.03. <u>Unclaimed Distributions</u>: In the event that the Debtor, is unable to locate a holder of a Claim or Interest in order to make such distribution as herein provided, the revested Debtor shall hold such distribution for the benefit of such Claim or interest holder until all payments and transfers are made pursuant to this Plan, then such distributions or property shall be paid pro rata to Class 4 Creditors.

6.04. <u>Documentation</u>: The appropriate documentation for each transaction contemplated herein shall be in accordance with Article IV herein.

6.05. <u>Funding of Plan</u>: The distributions and payments provided for in the Plan shall be funded by the revested Debtor's future business operations and sale of assets, if necessary.

6.06. <u>Controversy Concerning Impairment</u>: In the event of a controversy as to whether any Creditor(s) or interest holders or Classes of Creditors are impaired under the Plan, the Bankruptcy Court shall, after notice and hearing, determine such controversy. To the extent that the Court finds that a Class of Creditors or a Creditor is impaired where designated as unimpaired, that Creditor or Class of Creditors may file a vote, notwithstanding other

provisions, at the time of Confirmation. If determined to be unimpaired, the Creditor or Class of Creditors shall be deemed to accept the Plan as provided in §1126(f).

## ARTICLE VII

### Executory Contracts and unexpired Leases

7.01. The Debtors has no leases or executory contracts, except as previously disclosed in the plan.

7.02. Rejection Claims must be filed with the United States Bankruptcy Clerk in San Antonio, Texas within one hundred eighty (180) days after Confirmation. Any objections to such Rejection Claims shall be filed as provided in Article VIII.

7.03. Each executory contract or unexpired lease assumed hereby by the Debtor shall be assumed as of the Confirmation Date.

## ARTICLE VIII

### Effect of Confirmation, Release and Binding Effect

8.01. Confirmation of the Plan shall operate as a discharge of the Debtor from all Claims and Interests to the extent provided under §1141(d)(2).

8.01.01 The treatment of Claims and Interests in the Plan shall be deemed in exchange for and shall constitute the complete satisfaction and release of all Claims and Interests of any nature whatsoever against the Debtor or any of its assets or properties, except where otherwise specifically provided herein.

21

8.01.02   Except as specifically provided herein, the Plan shall discharge and satisfy all obligations of or claims against the Debtor or revested Debtor to the extent provided under §1141(d)(2), and no Creditor, interest holder or lessor shall have any claim against Debtor upon confirmation with respect to any KNOWN liability or obligation of the Debtor or  the Estate, including, but not limited to:

a)   curing or providing for compliance with regard to any violations by the Debtor of or conflicts with any regulations or licensing requirement, or of any judgment, decree, order, statute, rule or regulation of any court or any public, governmental or regulatory agency or body having jurisdiction over the Debtor;

b)   any unfair labor practices or discrimination claims, complaints or charges filed or threatened against the Debtor;

c)   any and all taxes, whether income, excise, corporate, franchise, property, sales, use, payroll, withholding or otherwise, incurred by or assessed against Debtor prior to the Confirmation Date; and

d)   any and all liability, claims or responsibility in any legal action, administrative proceedings or investigations instituted by or against the Debtor, or the assets thereof, under any law or regulation pertaining to the health or environment including, without limitation, the CERCLA Act of 1980 (42 U.S.C. §9601 et seq.), as amended from time to time, the regulations

promulgated thereunder, and statutes or regulations, whether federal, state or local relating to the health or environment.

8.02. Except as otherwise provided herein, upon the Confirmation Date, all such Claims and Interests against the Debtor shall be satisfied and released in full; and all such holders shall be precluded from asserting against the Debtor, its successors or assigns and its assets or properties, any other or further Claim based upon any act, debt, claim or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date.

8.03. Upon a Final Order of Confirmation, the provisions of the Plan will bind the Debtor, revested Debtor and all Creditors and interest holders, whether or not they accept the Plan.

8.04. This Plan is binding in accordance with §1141. The automatic stay provided by §362 will terminate on the Effective Date.

<u>ARTICLE IX</u>

<u>Procedures for Resolving Disputed Claims and Interests</u>

<u>and Disputed Claims Reserve</u>

9.01. Debtor or any other party in interest, may object to any claim. All objections to Claims must be filed within one hundred and eighty days (180) days after the Effective Date.

9.02. The objecting party shall litigate to judgment, settle or withdraw objections to disputed Claims and disputed Interests.

All legal fees and expenses of the Debtor incurred in the prosecution of objections to Claims or Interests shall be paid as a Class 4 claim.

9.03.  In determining the amount of the distribution due the holders of Allowed Claims prior to the resolution of all claim disputes, the appropriate Pro Rata calculations pursuant to the Plan shall be made as if all disputed Claims were Allowed Claims in the full amount claimed by the holders thereof; provided however, that the Court may estimate a lesser amount for a Claim holder used in such a Pro Rata calculation or the Trustee and the disputed claim holder may agree upon distribution in an amount less than that claimed.

9.04.  PORIA MIANABI, hall hold in an interest-bearing account, and separately account for, distributions in respect to disputed Claims.

9.05.  At such time as a disputed Claim becomes an Allowed Claim, the distributions reserved for such Allowed Claim shall be released from the Disputed Claims reserve and delivered to the holder of such Allowed Claim.  In the event that, or to the extent that, a disputed Claim is disallowed, the distributions reserved for such claim shall be released from the Disputed Claims reserve for Pro Rata distribution to Allowed Claims upon the next Distribution Date.

9.06.   Except as the Court may order otherwise, no payments or distribution shall be made with respect to all or any portion of a disputed Claim unless and until all objections to that Claim have been determined by Final Order.   Payments and distributions to each holder of a disputed claim to the extent that it ultimately becomes an Allowed Claim shall be made in accordance with the provisions of the Plan with respect to the Class of Claims in which the respective holder is a member.

ARTICLE X

Retention of Jurisdiction

The Court shall retain jurisdiction of this case pursuant to the provisions of Chapter 11 of the Bankruptcy Code, until final allowance or disallowance of all claims, or to resolve all controversies affected by this Plan in respect to the following matters:

10.01.   To determine all controversies relating to or concerning the classification, allowance or satisfaction of Claims or Administrative Expenses;

10.02.   To determine any and all pending applications for the rejection or assumption and/or assignment, as the case may be, of executory contracts and unexpired leases to which the Debtor or Revested Debtor are a party or with respect to which the Debtor may be liable, and to determine and, if necessary, to liquidate, any and all Claims arising therefrom;

10.03.   To determine any and all applications, adversary proceedings, and contested or litigated matters properly before the Court, including, without limitation, any proceeding commenced for the purpose of avoiding, recovering or preserving for the benefit of the estate any transfer of property, obligation incurred by the Debtor, lien or setoff;

10.04.   To determine any dispute arising under this Plan and to make such orders as are necessary or appropriate to carry out the provisions of the Plan including to approve or determine controversies concerning closing documentation;

10.05.   To grant extensions of any deadlines set herein;

10.06.   To hear and determine all requests for compensation and/or reimbursement of expenses which may be made after Confirmation;

10.07.   To enforce all release provisions under this Plan;

10.08.   To modify the Plan pursuant to Paragraph 2.05 and the Code; and

10.09.   In addition, and at any time, the Court may make such orders or give such direction as may be appropriate under §1142.

<u>ARTICLE XI</u>

<u>Notices</u>

All notices or demands required or permitted herein shall be deemed to have been duly given and served when made in writing and deposited in the United States mail, first class, in an envelope

26

addressed to the last known address of the notified party, with postage prepaid.

## ARTICLE XII

### Discharge of Debtor

Pursuant to 11 U.S.C. §1141(d)(2) and the rights granted herein, the entry of a final order by the Court confirming this Plan shall operate as a full and complete discharge of the Debtor on all classes of claims. The consideration received by the Debtor's creditors, as provided in the Plan, will be in full final satisfaction, release, discharge and cancellation of any and all claims of such creditors against the debtor, pre-confirmation and the release of all liens upon its successful completion of all payments and plan provisions. The claims of the taxing authorities shall be paid, not discharged.

## ARTICLE XIII

### Final Decree

The Debtor shall file an application for Final Decree no later than six (6) months following confirmation of the Plan.

## ARTICLE XIV

### Payment to the United States Trustee

In accordance with §1129(a)(12) of the Bankruptcy Code and 28 U.S.C. §1930, the Debtor shall on the Confirmation Date pay all fees then due to the United States Trustee.

## ARTICLE XV

## Post-Petition Reports and Payments to the United States Trustee

On the Confirmation Date, the Debtor shall be relieved of any further obligation to file quarterly operating reports with the Bankruptcy Court.  However, the Debtor and the Reorganized Debtor shall make all post-confirmation payments to the United States Trustee as may be required pursuant to 28 U.S.C. §1930(a)(6), and shall provide to the United States Trustee such financial reports as the United States Trustee may reasonably request, until the Chapter 11 case has been closed by the Bankruptcy Court or converted to another chapter under the Bankruptcy Code.

## ARTICLE XVI

## Vesting of Property of the Estate

Post-confirmation, all property of the Estate will be conditionally vested in the Debtor, as a "reorganized Debtor."  In the event of a post-confirmation conversion of the Chapter 11 Case to a case under Chapter 7 of Title 11 of the Bankruptcy Code, all remaining conditionally vested property of the Estate shall come into and become a part of the Chapter 7 Estate.

RESPECTFULLY SUBMITTED this 28TH day of OCTOBER, 2021.


BY:  /s/Poria Mianabi
PORIA MIANABI, Managing Member
 of the DEBTOR-IN-POSSESSION



APPROVED AS TO FORM:
JAMES S. WILKINS, P.C.
1100 NW Loop 410, Suite 700
San Antonio, TX 78213
(210) 271-9212  (Telephone)
(210) 271-9389  (Facsimile)
TBC NO. 21486500



/s/James S. Wilkins
BY:  JAMES S. WILKINS
     Attorney for Debtor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plan of Reorganization has been sent to the following by first class U.S. mail, on this 28th day of OCTOBER, 2020:

United States Trustee
615 E. Houston Street, Suite 533
San Antonio, TX 78205

/s/James S. Wilkins
JAMES S. WILKINS
Attorney for Debtor